Jones, J.
(dissenting). In my view there should be a reversal. The grounds of my dissent can be briefly articulated—the proof of one essential element of probable cause was not in the form mandated by Constitution and statute.
In the establishment of probable cause for the issuance of a *189 search warrant there are requirements of two separate sorts. There are procedural requirements speaking to the manner of proof—that the supporting proof be "in writing” (CPL 690.35, subd 1) and that it be "supported by oath or affirmation” (NY Const, art I, § 12; US Const, 4th Arndt). Then, as a matter of substance, the proof in proper form, when predicated on information furnished by an undisclosed informer, must show, inter alia, (1) that the informer is reliable and (2) that the particular information imparted by him is credible (People v Hendricks, 25 NY2d 129, 133).
In my view, as to manner of the proof in this case I would hold that the testimony which was given by the police officer under oath before the Supreme Court Justice and later transcribed (and thus made available to challenge by defendant and for appellate scrutiny), so far as it went, met the requirements of Constitution and statute by way of substantial if not literal compliance. The fact that some of this testimony was hearsay, of course, does not render it insufficient. The difficulty I have in sustaining this warrant stems from the fact that, accepting the police officer’s testimony at face value, it contained no proof as to the reliability of the informer. The only proof touching this element is derived from a completely different source—the personal appearance of the informer. This proof was neither under oath nor was it in writing. No other instance has been invited to our attention in which the personal appearance before the issuing Magistrate has been held a sufficient predicate, in the face of constitutional and statutory mandates, for a finding of reliability of an informer whose identity is not disclosed to the defendant. In United States v Harris (403 US 573) the issue was not, as here, as to the form of the proof; all proof there was in the familiar form of the affidavit of the applying officer. The issue in Harris was whether as a matter of substantive law the fact that it was against the penal interest of the informer to have imparted the information could be accepted as an alternative ground for finding his reliability, substituting, for instance, for proof that information furnished by the informer in the past had led to convictions.
In some senses, of course, the production of the informer in person before the issuing Magistrate would appear to be a sounder basis for judging his credibility than a hearsay recital in the affidavit of the applying officer. We are accustomed to including as significant factors in the appraisal of credibility *190 the appearance and demeanor of the witness while in the process of articulating the statements the truth of which is being determined. Be that as it may , however, the Constitutions and statute require something more with respect to matters of reliability and credibility in establishing probable cause for the issuance of a search warrant. Specifically, the proof must be reducible and reduced to writing and be supported by oath or affirmation; consequently personal appearance without swearing the witness or transcribing his testimony does not meet either requirement, and if that alone is relied on to make the necessary showing of one of the elements of probable cause it is in my view insufficient. Not only is the authenticity we associate with the exaction of an oath or affirmation missing; there is also afforded no means either to defendant or to the appellate courts to re-examine written evidence on which the issuing Judge must have based her conclusion that the informer was reliable.
It is perhaps simplistic to suggest, but the inference is inescapable, that after today’s decision it will be open to a prosecutor to meet the independent requirement of proof of reliability of an informer undisclosed to the defendant, by producing the informer in person, but off the record, before the issuing Magistrate, and thereby effectively foreclosing both contravention by the defendant and review by the appellate courts as to this issue. Viewed in another aspect it appears that proof of the existence, of an informer may now eliminate necessity for proof under oath and in writing that he is reliable. I cannot agree to such a result.
Accordingly, I must dissent.